UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM DERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06CV00045 AGF |
| | ) | |
| DOUG WORSHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. The application will be granted, and the Court will order the Clerk to issue process or cause process to issue upon the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement

for the six-month period immediately preceding the submission of his complaint on August 2, 2006.  See 28 U.S.C. § 1915(a)(1), (2).  A review of applicant's account statement indicates an average monthly deposit of $9.25 and an average monthly account balance of $0.25.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.85, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## The Complaint

Plaintiff, an inmate at the Northeast Correctional Center (NCC), brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants have impermissibly interfered with

his constitutional right to practice his religion because they confiscated some of his religious objects. Plaintiff seeks injunctive, declaratory, and monetary relief. Named as defendants are Doug Worsham, Supervisor of Religious/Spiritual Programming for the Missouri Department of Corrections, and Tommy Barnhart, Chaplain for the Northeast Correctional Center.

Plaintiff is "a sincere and practicing member of the Wiccan faith." Plaintiff alleges that on February 9, 2006, defendants seized several items from the Wiccan faith locker at NCC, to wit, two black candles, one ceramic chalice, two votive candle holders, one small ceramic bowl, two large ceramic bowls, six bottles of various oils, one ritual feather, and one fan. Plaintiff claims that the items had been approved by Barnhart previously.

Worsham told plaintiff he was confiscating the items because black candles are Satanic and because plaintiff is a Satanist. Plaintiff filed a grievance and it was denied. The Superintendent's response to plaintiff's grievance was that the items were appropriately confiscated because black is a color used by fringe Wiccans who engage in "darker worship styles." Plaintiff claims that black is not associated with "darker worship styles" but that "black candles are for protection, repelling negativity, binding and shapeshifting."

Plaintiff claims that defendants offered no other reason for confiscating his religious items.

## Discussion

Inmates retain their First Amendment right to free exercise of religion in prison. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "The First Amendment protects not only Christians and Jews, but atheists, animists, pagans, wicca and everyone alike, no matter whether they are inside or outside the religious mainstream." ACLU v. City of Plattsmouth, 358 F.3d 1020, 1041 (8th Cir. 2004); County of Allegheny v. ACLU, 492 U.S. 573, 615 (1989) (The Establishment

Clause "guarantee[s] religious liberty and equality to the infidel, the atheist, or the adherent of a non-Christian faith such as Islam or Judaism.").[1]

Plaintiff's complaint states a claim upon which relief can be granted. As a result, Plaintiff's claims against defendants survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.85 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue

---

[1] The Court notes that a prison regulation infringing on an inmate's constitutional rights is valid so long as it is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Id. However, this is not the correct procedural posture for determining whether defendants actions were reasonably related to a legitimate penological interest.

upon the complaint.

Dated this 6th day of November, 2006.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE